**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RAUL RODRIGUEZ-CERVANTES,**<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>**U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,** *et al.*,<br><br>　　Defendants. | Civil Action No.  11-1387 (JEB) |

**MEMORANDUM OPINION**

Plaintiff Raul Rodriguez-Cervantes, a federal prisoner incarcerated in Post, Texas, brings this *pro se* suit under the Freedom of Information Act, 5 U.S.C. § 552. In so doing, Plaintiff seems to have put the cart before the horse. Plaintiff has brought a FOIA suit before first having his FOIA request denied. Indeed, he has brought a FOIA suit before even submitting a FOIA request. As such, the Court will grant Defendants' Motion for Summary Judgment and dismiss the case without prejudice.

**I.	Background**

On December 15, 2010, Plaintiff sent a letter to Defendant Social Security Administration (SSA) seeking assistance regarding applying for social security benefits. See Mot., Exh. A (Declaration of Ron Cyryca), Attach. 1 (Plaintiff's Letter). The letter stated in relevant part:

> I worked in the United States for about 15 years and always paid
> my social security deductions. Now I am a federal prisoner and
> upon the expiration of my sentence I will be removed to Mexico,
> my native country. At this time, I would like to know if there is
> any way/application to get my social security benefit before the
> age established by the S.S. policies. My question is due to the fact

1

>that I will be deported from this country and I do not know
>whether I should have a relative or friend in this country (which I
>do not have) to get those benefits or I should file some forms to get
>it in advance of the age required by the S.S. Administration.

Id.

SSA responded with a standard form letter in which it informed Plaintiff that "[n]either Social Security benefits not SSI payments are payable to prisoners just because they are being released or because they have been in prison." Id., Attach. 3 (SSA Letter). In addition to providing Plaintiff with a phone number to call if he wished to file for social security benefits, SSA enclosed in the letter two brochures entitled "Social Security: What Prisoners Need To Know" and "Social Security: Entering The Community After Incarceration—How We Can Help." Id.

On April 8, 2011, Plaintiff sent another letter to SSA stating:

>This is a request for Social Security Disability Benefits.
>
>In suport of my request, a deportation from the United States will
>be executed as soon as my current sentence be completed. The
>term of deportation is undefined. Although, my age is not the
>required in accordance with the proceedings, however, there is
>undisputable that a deportation will satisfy more than the necessary
>disability [*sic*].
>
>Accordingly, please provide me with the necessary information in
>order to proceed with my request.

Opp., Exh. A (Plaintiff's Letter). According to Plaintiff, on April 20, 2011, the agency responded with "an identical letter as the [prior one]." Opp. at 2.

Finally, on May 12, 2011, Plaintiff sent yet another letter to SSA stating:

>I am an inmate incarcerated at the Giles W. Dalby Correctional
>Facility in Post, Texas. Since I can't visit your office in Lubbock
>and I have no access to a computer, I am requesting that you please
>send me an application so that I may apply for my social security
>benefits.

Opp., Exh. 2 (Plaintiff's Letter).  This time, SSA responded with "Social Security Earnings Information," and Plaintiff was informed that SSA was "returning [his] request for information from [his] earnings record" because "[i]n light of the current budget situation, [SSA has] suspended the Request[-]a[-]Social[-]Security[-]Statement service."  Opp., Exh. 1 (SSA Letter). Plaintiff was, however, given the option to go online to estimate his retirement benefits using SSA's online Retirement Estimator.  Id.

No other record exists of Plaintiff's seeking to obtain information from SSA.  See Cyryca Decl., ¶ 4; Mot., Exh. B (Declaration of Dawn S. Wiggins), ¶¶ 7, 9; id., Exh. C (Declaration of Jim Morphew), ¶ 5.  Plaintiff has nonetheless brought this FOIA suit seeking the "disclos[ure] . . . [of] his entire record as maintained within the System of Records of the Social Security Administration Office on December 15, 2010, together with any other records pertinent to the said request."  Compl., ¶ 6.  Before the Court now is Defendant's Motion for Summary Judgment.

**II.     Legal Standard**

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim.  Liberty Lobby, Inc., 477 U.S. at

248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.   Analysis**

The sole basis for Plaintiff's FOIA claim seems to be that SSA did not produce "his entire record as maintained within [SSA's] System of Records" in response to his December 15 letter, which merely requested "to know if there is any way/application to get my social security benefits before the age established by the S.S. policies."  See Compl., ¶¶ 3-6 & Attach. 1.  The natural question raised by this claim is whether the December 15 letter—or indeed any of Plaintiff's other letters to SSA—somehow amounts to a FOIA request.  Although common sense

offers an answer to this question, the Court will probe further.

A valid FOIA request must (i) "reasonably" describe the records sought and (ii) must be made "in accordance with [the requested agency's] published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C.A. § 552(a)(3)(A). Pursuant to this provision, SSA has enacted regulations that define a valid FOIA request as one that "<u>ask[s] for records</u>, whether or not [the requester] refer[s] specifically to the FOIA." 20 C.F.R. § 402.30 (emphasis added). Importantly, "an agency's obligations commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies." <u>Dale v. I.R.S.</u>, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (citing <u>Crooker v. CIA</u>, 577 F. Supp. 1225, 1225 (D.D.C. 1984)). And, as is well settled, a FOIA suit cannot be sustained where the plaintiff has failed to exhaust his administrative remedies. <u>Judicial Watch, Inc. v. U.S. Naval Observatory</u>, 160 F. Supp. 2d 111, 112 (D.D.C. 2001) (citing <u>Spannaus v. U.S. Dept. of Justice</u>, 824 F.2d 52, 58 (D.C. Cir. 1987) ("It goes without saying that exhaustion of remedies is required in FOIA cases.")). Since SSA requires that all FOIA requests actually "ask for records," any purported request that does not do so is invalid. A requester that fails to ask for records, therefore, fails to exhaust his administrative remedies.

Even if given the liberal interpretation that Plaintiff urges, <u>see</u> Opp. at 4, his December 15 letter is by no means a FOIA request, and the circumstances plainly suggest he did not intend it to be one. Plaintiff's letter contains no explicit or even implicit request for the production of any records. Indeed, in his own words, Plaintiff characterizes the letter as one "seeking assistance for benefits under the grounds of his deportation." <u>Id.</u> at 1. In addition, neither of Plaintiff's two other letters to SSA was a FOIA request or anything that could be liberally construed to amount to a request for records. Plaintiff requests information about how to apply for social security

benefits, asks whether or not he qualifies for those benefits given his circumstances, and seeks an application for social security benefits. He does not, however, request the production of records. As his letters merely pose questions to SSA or ask for assistance in applying for social security benefits, they do not constitute valid FOIA requests. Whether or not Plaintiff was satisfied by the responses to his questions or the level of assistance he was receiving, a FOIA suit is not the proper means by which to obtain a different response.

Finally, the fate of Plaintiff's suit is sealed with his concession that "there may not have record of a freedom information request, but, however there his request for benefits [*sic*]." Opp. at 6. Plaintiff himself admits that he has no FOIA request before SSA. He has, therefore, brought a FOIA suit without first filing a FOIA request and exhausting available remedies. It cannot survive.

The Court last notes that Plaintiff's objective throughout may simply be to acquire an application for social security benefits. To that end, Defendant has offered to arrange for Plaintiff to request a copy of his earnings record and to provide him with an application for benefits. See Reply at 3. The Court appreciates the assistance.

**IV.   Conclusion**

As the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court will grant Defendant's Motion for Summary Judgment. A separate Order consistent with this Opinion will issue dismissing the case without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 6, 2012